## ROUNSAVELL vs. WOLF and another, imp.

BOND: SURETIES: EVIDENCE. *What constitutes an affirmance by sureties of their liability as such.*

In an action on a bond, where the sureties defended on the ground that the instrument actually signed by them was essentially different from that which they promised to execute and believed themselves to be executing, it was error to admit evidence for the plaintiff that the principal obligor had turned over property to one of said defendants as security against the liability; the taking of such security not being an affirmance by the sureties of their liability on the bond in suit.

APPEAL from the Circuit Court for *Jefferson* County.

This action was brought against one Hollabush as principal, and *Wolf* and *Payne* as sureties, upon a bond. From a judgment against all the defendants, *Wolf* and *Payne* appealed.

*Geo. W. Burchard*, for appellants.

For the respondent, there was a brief by *I. W. & G. W. Bird*, and oral argument by *G. W. Bird*.

RYAN, C. J. The appellants claim, amongst other things, that they signed the bond in suit as sureties for their codefendant, as presented by the respondent's agent, without reading it, and that it is essentially different from the obligation which they had agreed to assume and believed that they were executing.

The court below admitted evidence, against their objection, that their principal turned out property to one of them as security against the liability. In every aspect of the case this evidence was inadmissible. The appellants had a right to take indemnity against the liability which they admit they had assumed, and indeed, against their possible liability on the bond as written; and the evidence was not only incompetent, but was well calculated to pass with the jury, as it was probably intended, for an affirmance by the appellants of the bond in suit, and a recognition of their liability upon it.

The principal debtor makes no defense; and, if the appellants should be able to establish their defense, the respondent could have little difficulty in reaching the property turned out by his debtor to one of them.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for a new trial.